# State, *ex rel.* Glass *v.* Stone.

### Mandamus.

(Decided December 21, 1916.   73 South. 330.)

1. **Clerks of Court; Apportionment.**—The Inferior Criminal Court of Mobile County, created by Local Acts 1898-9, p. 1164, was not of the class of courts created in lieu of justices of the peace, as prescribed by § 1, Acts 1915, p. 825, and hence, there was no authority for the appointment of a deputy clerk for such criminal court by the clerk of the court, with the consent of the judge.

2. **Constitutional Law; Passing on.**—Unless the question is essential to a decision of the rights of the parties to the cause before the court, appellate courts will decline to pass on the constitutionality of the statute.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Petition for mandamus by Angeline Glass against George E. Stone, as Treasurer of Mobile County.   From a judgment denying the writ, petitioner appeals.   Judgment affirmed.

Petition in the court below by Angeline Glass, seeking a mandamus against the respondent, George E. Stone, as treasurer of Mobile county, to require him to pay petitioner for services rendered as deputy clerk of the inferior criminal court of that county from October 15, 1915, to November 1, 1915.

The petition discloses that the petitioner was duly and regularly appointed deputy clerk of said court under and in accordance with section 5 of the act approved September 25, 1915 (Gen. Acts 1915, pp. 825-830), and sets forth the performance of the duties of said office by petitioner.   It further shows that the respondent refused to make payment for such services, on the grounds that neither the act in question nor any other law warranted the appointment of petitioner as deputy clerk, and that respondent is not authorized to make such payment out of the county treasury upon the certificate provided by the act set up in the petition.

The answer admits the averments of fact set up in the petition, and alleges that there was no authority for the appointment of petitioner as deputy clerk, nor for payment out of the county treasury for services performed by petitioner in that capacity.

[State, ex rel. Glass v. Stone.]

The court below denied the relief sought by petitioner, and from this judgment the appeal is prosecuted.

YERGER & FOSTER, for appellant.  GORDON & EDINGTON, for appellee.

GARDNER, J.—Appellant lays claim to the office of duty clerk of the inferior criminal court of Mobile county under appointment by the clerk of said court, with the consent of the judge, and in accordance with the provisions of the act of September 25, 1915.  The respondent, as treasurer of the county, refused to make payment for petitioner's services because, as he contends, said act has no application to such a court as the inferior criminal court of Mobile county, but applies only to courts created in lieu of justice of the peace courts in cities having a population of 35,000 or more.  The court below entertained a like view and denied the petition.

Section 1 of the above-cited act discloses that the act has reference to those inferior courts in such cities "created in lieu of the justices of the peace."  The sections following designate them as "such inferior courts or courts of common pleas," or merely as "such courts," and section 5, under which appellant claims to have received her appointment, refers to the courts as "such court," all of which designations clearly mean the court referred to in section 1 of said act.

The inferior criminal court of Mobile county was established by the act approved February 23, 1898 (Local Acts 1898-99, p. 1164).  It exercises jurisdiction over the entire county, and is given the jurisdiction conferred on justices of the peace in criminal and quasi criminal cases.  No effort was made in that act to abolish the office of justices of the peace nor to disturb the jurisdiction of such offices, but on the day of its approval there was also approved an act depriving justices of the peace of criminal jurisdiction within the city limits of Mobile.  And on April 15, 1911, there was passed "An act to establish an inferior civil court in lieu of the justices of the peace for all precincts lying within or partly within the city of Mobile."  (Loc. Acts 1911, p. 274.)  This latter act was given consideration in the recent case of *State, ex rel. Clarke v. Carter,* 174 Ala. 266, 56 South. 974, and in the opinion reference was made to section 168 of the state Constitution.  It was said that: "While the bill does create

an inferior court, and does abolish the justices' courts, yet the declared object and purpose is to establish the one in lieu of the other, which the Constitution expressly authorizes."

The jurisdiction of that court was confined to precincts lying within the city limits of Mobile, and the title as well as the first section of the act expressly announced the establishment of the court as in lieu of justices of the peace of Mobile county. Such, however, was not the case with the inferior criminal court established in 1898.

The question of the establishment of inferior courts in certain cities in lieu of all justice courts, as authorized by section 168 of our Constitution, was recently reviewed by this court in opinions rendered in response to questions certified by the Court of Appeals in the case of *State v. Roden,* 15 Ala. App. ........., 73 South. 657.

(1) It is clear to our minds that the inferior criminal court of Mobile county is not of the class of courts created in lieu of the justices of the peace for cities of a certain population, as prescribed by section 1 of the act of September 25, 1915; and it is only to "such courts" that section 5 of that act has reference. There was therefore no authority for the appointment of the petitioner as deputy clerk for the said criminal court.

(2) It is also insisted by counsel for appellee that the act of September 25, 1915, is void as violative of section 45 of our state Constitution. The established rule of this court is to decline to pass upon constitutional questions unless the determination thereof is essential to a decision of the rights of the parties to the cause before the court.—*State, ex rel. Crumpton v. Montgomery,* 177 Ala. 212, 59 South. 294. As the construction we have here given to section 5 of said act is decisive of this appeal adversely to appellant, a consideration of the constitutional question presented is rendered unnecessary.

The writ was properly denied, and the judgment of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.